IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-HC-2047-FL

| | | |
|---|---|---|
| CHRISTOPHER J. GIBSON | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WARDEN C. APKER, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

The matter is before the court on the motion to dismiss, or in the alternative, for summary judgment (DE 13), of respondent Warden C. Apker ("respondent"),[1] to which petitioner responded. In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants respondent's motion.

**STATEMENT OF THE CASE**

On February 21, 2013, petitioner filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the Federal Bureau of Prisons' ("BOP") calculation of his federal sentence. Respondent filed a motion for summary judgment arguing, inter alia, that the petition should be denied because petitioner failed to exhaust administrative remedies. The issues raised were fully briefed.

---

[1] Because respondent attached filings that are outside of the pleadings, his motion will be construed as a motion for summary judgment.

## DISCUSSION

A.      Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986).  The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial.  Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party.  Anderson, 477 U.S. at 250.

B.      Analysis

Respondent contends that petitioner's § 2241 claim should be dismissed because petitioner failed to exhaust his administrative remedies.  Although, as argued by petitioner, 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, courts consistently require federal prisoners challenging the execution of his/her sentences to exhaust administrative remedies before seeking review in federal court pursuant to § 2241.  See McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (per curiam); Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004) (per curiam); Carmona v. Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001).  Exhaustion allows prison officials to develop a factual record and an opportunity to correct their own errors before being haled into court. See Jones v. Bock, 549 U.S. 199, 204 (2007).  Failure to exhaust may be excused only upon a showing of cause and prejudice.  McClung, 90 F. App'x at 445.

The Federal Bureau of Prisons ("BOP") provides a four-step administrative remedy procedure. The first step in the process requires an inmate to present his issue to staff in an attempt at informal resolution. See 28 C.F.R. § 542.13. If informal resolution is unsuccessful, an inmate may submit a formal written administrative remedy request to the warden using a BP-9 form. See 28 C.F.R. § 542.14. If an inmate is dissatisfied with the warden's response, he then may appeal to the BOP's regional director, using a BP-10 form, and then to the BOP's General Counsel, using a BP-11 form. See 28 C.F.R. § 542.15.

In this case, petitioner contends that exhaustion would be futile because he informally raised the issue with the BOP in 2005, and he was denied relief. However, as indicated above, an attempt at informal resolution is the first step in the BOP's administrative remedy process. See 28 C.F.R. § 542.13. To the extent petitioner raised the issue informally, the record reflects that petitioner did not proceed with the BOP's administrative remedy process by submitting a formal grievance.[2] See Erickson[3] Aff. ¶ 15 and Attach. 9; see also, United States v. Harrison, 11 F. App'x 108, 109 (4th Cir. 2001) (affirming dismissal for failure to exhaust administrative remedies where petitioner claimed he attempted to seek administrative redress, but there was nothing in the record demonstrating that he had done so). Thus, the court finds that petitioner did not utilize the BOP's administrative remedy process to resolve the instant issue.

Petitioner, alternatively, argues that he did not pursue the BOP's administrative remedy process because participating in the exhaustion process would interfere with his placement in a halfway house and because he could not complete the process in time to file a § 2241 petition with

---

[2] Petitioner does not dispute the fact that he did not participate in the BOP's administrative remedy procedure.

[3] Bryan Erickson ("Erickson") submitted an affidavit in support of respondent's motion for summary judgment. Erickson is employed by the BOP as a Management Analyst at the Designation and Sentence Computation Center. Erickson Aff. ¶ 1.

this court. Exhaustion, however, is not excused where an inmate believes that the length of the administrative remedy procedure would interfere with his release to a halfway house. Wright v. Warden, No. RDB-10-671, 2010 WL 1258181, at *1 (D. Md. Mar. 24, 2010) (finding that "[e]xhaustion of administrative remedies is not rendered futile simply because an inmate anticipates he will be unsuccessful in his administrative appeals before the 12 month pre-release mark.") Further, petitioner has sufficient time to seek relief through the BOP's administrative remedy procedure prior to his projected release date of January 11, 2015. Erickson Aff. ¶ 5. Finally, the court finds that petitioner has not established cause or prejudice for his failure to exhaust. Thus, petitioner's § 2241 petition is DISMISSED without prejudice to allow him the opportunity to exhaust his administrative remedies.

## CONCLUSION

Respondent's motion for summary judgment (DE 13) is GRANTED, and the matter is DISMISSED without prejudice. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 4th day of February, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge